**Succession of RITTER.**

**Opposition of LE BLANC.**
No. 1423.

Court of Appeal of Louisiana.
First Circuit.
Jan. 21, 1935.

J. E. Kibbe, Jr., of Abbeville, for appellant.

Nugier & Gordy, of Abbeville, for appellee.

LE BLANC, Judge.

This appeal comes before us from a judgment in the district court maintaining an opposition to the final account presented to the court by the administrator of the succession of the decedent, Kenneth Ritter. The opponent-appellee has answered the appeal asking for damages in the sum of 10 per cent. of the amount of the judgment, for frivolous appeal.

The opponent is Mrs. Melba Brumfield Le Blanc, who claims to be a creditor of the estate in the sum of $450 for money loaned to the decedent, in cash, on November 18, 1933, less than three months before his death.

The administrator of the succession, in his answer to the opposition, merely avers that he has no knowledge of the facts alleged by the opponent, and hence he denies the same.

The present law governing proof of a debt or liability of a party deceased is found in Act No. 11 of 1926. Section 1 of the act provides that in cases where suit upon the asserted indebtedness shall have been brought more than twelve months after the death of the deceased, parol evidence shall be incompetent and inadmissible. In other words, in such cases, it cannot be admitted under any circumstances. Section 2, however, which applies in this case, suit having been instituted within twelve months of the decedent's death, provides that "parol evidence shall be incompetent and inadmissible * * * unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff; * * *."

Mrs. Le Blanc, the opponent, is very definite in her testimony regarding the turning over of the money to the decedent. She says that she loaned him $450 in cash, but does not remember the denominations of the bills. She tells of having taken the money out of some postal savings she had in the Post Office at Lafayette, out of the National Bank at Abbeville, and the balance she obtained from an individual who owed her and had paid her on the day she loaned the money to decedent. She says that Mr. Ritter was to pay her back the money as soon as he got through drilling an oil well at Opelousas, that being his business. The well failed, however, and he died not long thereafter, still owing her.

Besides her testimony, the opponent produced that of Miss Mabel Domingues, who testified that the decedent, Kenneth Ritter, had told her, about the time of the alleged loan, that Mrs. Le Blanc had loaned him the sum of $450 and that he even had showed her the money, which was currency in $10 and $20 bills. There is nothing in the record to suggest that this witness is unworthy of belief or that she is not a person of good moral character. The district judge evidently accepted her testimony, as necessarily he had to do under the law just cited in order to decide in favor of opponent, and no valid reason has been pointed out to us why we should not do likewise.

The administrator was unable to supply any proof whatever that the loan had not been made to the decedent.

It seems that the decedent had shown more than usual attention to both Mrs. Le Blanc and Miss Domingues, and from the relations between them all, much is said about the motive which may have prompted the making of the loan or the testimony of the one or the other witness concerning it. There is nothing in the record concerning these relations, however, on which to base a definite conclusion one way or the other. Under the circumstances, we think the safest course to follow is not to indulge in surmises and innuendoes to account for the motives by which they may have been actuated. At any rate, we will not adopt such inferences as proof sufficient to justify a reversal in a case of this character where the district judge heard and saw the witnesses and is presumed to know them.

The administrator of the succession was justified, we believe, in taking this appeal, and the case is not one which warrants the imposition of the damages prayed for in the opponent's answer thereto.

Judgment affirmed.